**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Chase W. Settles**, <br><br> Plaintiff, <br><br> vs. <br><br> **CW Recycling L.L.C.**, an Arizona limited liability company, and **Christopher C. Wolfe and Desiree Wolfe**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Chase W. Settles ("Plaintiff" or "Chase W. Settles"), sues the Defendants, CW Recycling L.L.C., and Christopher C. Wolfe and Desiree Wolfe (collectively, Defendants CW Recycling L.L.C., and Christopher C. Wolfe and Desiree Wolfe are referred to as "Defendants" or "CW Recycling") and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum wages, liquidated damages,

-1-

attorneys' fees, costs, and interest under the under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  See 29 U.S.C. § 207(a).

3. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action

-2-

over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

8. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

9. At all material times, Defendant CW Recycling L.L.C. is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant CW Recycling L.L.C. does business, has offices, and/or maintains agents for the transaction of its customary business in Pinal County, Arizona.

10. At all relevant times, on information and belief, Defendant CW Recycling L.L.C. owned and operated as "CW Recycling," a recycling company doing business in Pinal County, Arizona.

11. Under the FLSA, Defendant CW Recycling L.L.C. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, CW Recycling L.L.C. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to CW Recycling's employees, Defendant CW Recycling L.L.C. is subject to liability under the FLSA.

12. Defendants Christopher C. Wolfe and Desiree Wolfe are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Christopher C. Wolfe and Desiree Wolfe are owners of CW Recycling and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13. Under the FLSA, Defendants Christopher C. Wolfe and Desiree Wolfe are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Christopher C. Wolfe and Desiree Wolfe had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to CW Recycling's employees, Defendants Christopher C. Wolfe and Desiree Wolfe are subject to individual liability under the FLSA.

14. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15. Defendants, and each of them, are sued in both their individual and corporate capacities.

16. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

19. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

21. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

22. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

23. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

25. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

26. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2025.

27. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2026.

28. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

31. CW Recycling is an enterprise that is a recycling company doing business in Pinal County, Arizona.

32. In or around 2023, Defendants hired Plaintiff to work for them as a sorter, performing manual labor related to sorting recycled items for Defendants.

33. Plaintiff was compensated, or supposed to be compensated, an hourly rate of approximately $10 throughout his employment with Defendants.

34. At all relevant times, Plaintiff, in his work for Defendants, was compensated, or supposed to be compensated, at a regular hourly rate of $10 per hour, regardless of the number of hours Plaintiff actually worked.

35. At all relevant times, Plaintiff, in his work for Defendants, was compensated, or supposed to be compensated, at a regular hourly rate of $10 per hour, regardless of the number of hours Plaintiff actually worked, and regardless of whether he worked in excess of 40 hours in a given workweek.

36. On information and belief, rather than classify Plaintiff as an employee, Defendants classified his as an independent contractor.

37. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

38. Defendants controlled Plaintiff's schedules.

39. At all relevant times, Plaintiff was economically dependent on Defendants.

40. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants set Plaintiff's work schedule;

    c. Defendants set Plaintiff's rate of pay;

    d. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    e. Plaintiff had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

    g. Plaintiff was hired to work a non-specific duration for Defendants;

      h.      On information and belief, Plaintiff had no right to refuse work assigned to him by Defendants;

41. Plaintiff worked for Defendants through approximately February 20, 2026, when Defendants terminated his employment.

42. During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 40 and 45 hours per week.

43. As a result of paying Plaintiff at a regular hourly rate of $10, Defendants willfully failed to compensate Plaintiff at least the Arizona minimum wage for all hours worked in his employment with Defendants.

44. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants willfully violated the AMWA, A.R.S. § 23-363.

45. Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

46. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

47. During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

48. At all relevant times, Plaintiff generally worked approximately between zero (0) and five (5) hours or more of overtime per week.

49. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

50. Defendants' willful failure to pay Plaintiff an overtime premium for such time violated the FLSA, 29 U.S.C. § 207(a).

51. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff minimum wage or an overtime premium would violate federal and state law, and Defendants were aware of the FLSA overtime and Arizona minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

52. Plaintiff was not a manager in his work for Defendants.

53. Plaintiff did not have supervisory authority over any employees in his work for Defendants.

54. Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

55. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

56. Plaintiff did not direct the work of two or more employees in his work for Defendants.

57. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

58. Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

59. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

60. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

61. Throughout the duration of Plaintiff's employment, Defendants willfully failed to properly compensate Plaintiff for his overtime hours.

62. Defendants' willful failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

63. At all relevant times, in his work for Defendants, Plaintiff was a non-exempt employee.

64. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

65. Plaintiff is a covered employee within the meaning of the FLSA.

66. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

67. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional

amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

68. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

71. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

72. As a result of Defendants' willful failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in his final workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for such hours worked, in violation of 29 U.S.C. § 207.

73. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium for hours worked in excess of 40 in a given workweek would violate federal law, and Defendants were aware of the FLSA

overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

74. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for such hours worked, Defendants violated the FLSA.

75. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

76. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

77. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Chase W. Settles, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

   i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. As a result of paying Plaintiff at a regular hourly rate of $10, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

80. As a result of willfully failing to pay Plaintiff the Arizona-mandated minimum wage for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of his employment, in violation of A.R.S. § 23-363.

81. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the applicable Arizona minimum wage for all hours worked would violate Arizona law, and Defendants were aware of the AMWA minimum wage

requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

82. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

83. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Chase W. Settles, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

   i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 25th day of February, 2026.

                         BENDAU & BENDAU PLLC

                         By: /s/ *Clifford P. Bendau, II*
                         Clifford P. Bendau, II
                         Christopher J. Bendau
                         *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Chase W. Settles, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Chase W. Settles (Feb 25, 2026 11:26:41 MST)
Chase W. Settles